IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KELLIE HURT, et al.,            )
                               )
    Plaintiffs,              )
                               )            NO. 3:24-cv-01067
v.                             )
                               )            JUDGE RICHARDSON
ALLSTATE INDEMNITY COMPANY,     )
                               )
    Defendant.               )
                               )

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the motion to dismiss (Doc. No. 16, "Motion") filed by Defendant, All State Indemnity Company. Via the Motion, Defendant asks this Court to dismiss with prejudice the claims of Plaintiffs, Kellie Hurt and Fred Hurt, "for failure to prosecute and failure to abide by an Order of this Court." (*Id.* at 1). Alternatively, Defendant seeks an award to Defendant of its costs and attorney's fees in bringing the Motion. (Doc. No. 16 at 3).[1] For the reasons discussed herein, the Court **DENIES** the Motion in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

The present case is an insurance-coverage dispute. (Doc. No. 1-2). Plaintiffs allege that certain of their property in Franklin, Tennessee was insured by Defendant's insurance policy. (*Id.* at 2). This property allegedly suffered damage for which, according to Plaintiff, Defendant was

---

[1] Defendant also requests that "the Court enter an order compelling Plaintiff [sic] to participate in the drafting of the initial case management order." (Doc. No. 16 at 3). Such a request is moot because the parties jointly submitted a proposed initial case management order (Doc. No. 19) on November 18, 2024.

[2] These factual allegations come from Plaintiffs' complaint (Doc. No. 1-2, "Complaint"). The truth (or lack thereof) of them is immaterial for the purposes of the instant motion, and they are provided simply as background and to provide context as to the action here at issue.

obligated to provide compensation for. (*Id.* at 3-4). Plaintiffs allege that Defendant failed to pay Plaintiffs' claim as allegedly required by the terms of the insurance policy. (*Id.* at 4). Plaintiffs filed suit in Williamson County Circuit Court, asserting causes of action for breach of contract and statutory bad faith. (*Id.* at 4-7).

Defendant filed a notice of removal (Doc. No. 1) in this Court on September 3, 2024. On September 19, 2024, Plaintiffs' counsel, William B. Pierce of the Morgan Law Group, filed a motion to withdraw as attorney (Doc. No. 7). At the prompting of the Court (Doc. No. 8), Mr. Pierce filed an additional notice (Doc. No. 9) on September 24, 2024, assuring the Court that another attorney from the Morgan Law Group would be representing Plaintiffs. On September 26, 2024, attorney Marcus R. Rodriguez of the Morgan Law group filed a motion for admission *pro hac vice* for this action as counsel for Plaintiffs (Doc. No. 10). This motion was granted by the Court's order (Doc. No. 14) on October 22, 2024.

In the meantime, the Court scheduled the initial case management conference for November 4, 2024 via an order (Doc. No. 5) that required the parties to submit "the proposed initial case management order . . . no later than three (3) business days before the initial case management conference." (*Id.* at 1). On November 1, 2024, the Court was forced to continue the conference to November 14, 2024, because "the parties [had] not filed the proposed case management order" in compliance with the Court's setting order. (Doc. No. 15). The Court reminded the parties "of their obligation to file a joint proposed case management order no later than three business days before the conference." (*Id.*) In this manner, the due date for the proposed initial case management order was effectively moved to November 11, 2024.

However, the parties failed to meet that deadline. (Doc. No. 17 at 1). On November 12, 2024, one day past the deadline to submit the proposed initial case management order, Defendant

filed the Motion. In relevant part, the Motion avers first that on September 26, 2024 "counsel for Defendant attempted to call [Plaintiffs' counsel] to discuss the proposed Initial Case Management Order, but was advised by [Plaintiffs' counsel's] staff that he was unavailable and would contact [Defendant's counsel] the following week. Counsel for Defendant was never contacted by [Plaintiffs' counsel]." (*Id.* at 2). The Motion then asserts that after the Court entered its order (Doc. No. 15) resetting the initial case management conference to November 14, 2024:

> counsel for Defendant sent correspondence to counsel for Plaintiffs and attached the Order and initial case management order template provided by the Court. Counsel for Defendant advised counsel for Plaintiff [sic] that the proposed Order needed to be filed by November 11, 2024 to be compliant with the Order. As of the time of the filing of this Motion, counsel for Defendant has not received a response from counsel for Plaintiff.

(Doc. No. 16 at 2) (footnote omitted).[3]

The day after the Motion was filed, November 13, 2024, the Court issued an order (Doc. No. 17, "November 13 Order") directing Plaintiffs' counsel "to notify the Court by no later than November 18, 2024, of whether Plaintiffs intend to prosecute their claims" and "to confer with [Defendant's] counsel and file a joint proposed initial case management order by that date." (*Id.* at 1-2). The Court's November 13 Order further "warned that failure to comply with this Order may result in sanctions including a recommendation that their claims be dismissed for failure to prosecute." (*Id.* at 2). On November 18, 2024, Plaintiffs' counsel notified the Court that he intended to prosecute Plaintiffs' claims (Doc. No. 18), and the parties jointly filed a proposed initial case management order (Doc. No. 19). On November 22, 2024, Plaintiffs filed their response to the Motion (Doc. No. 21, "Response") which recounted the scheduling history of the case, expressly referred to the change of counsel for Plaintiff, and noted that "[c]ounsel for Plaintiffs

---

[3] The letter referred to in this block quote was attached to the Motion at Docket No. 16-1.

apologizes profusely to the Court for their recent lack of participation in this matter." (*Id.* at 1-2). The Response then requested that the court "issue no sanctions related to" the Motion. (*Id.* at 2).

Since briefing on the Motion concluded, the parties have engaged in discovery, and trial is now set for May 26, 2026. (Doc. No. 24; Doc. No. 35-2).

STANDARD

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "'clear record of delay or contumacious conduct by the plaintiff.'" *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (quoting *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978)). To put it more simply, the Sixth Circuit has adopted a "policy which favors disposition of cases on their merits." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

DISCUSSION

This is not a case where Plaintiffs' counsel "was stubbornly disobedient and willfully contemptuous." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). True, the actions

of Plaintiffs' counsel, in failing to communicate timely with the Court or Defendant's counsel, contributed to the parties missing two Court ordered deadlines. But, in the aftermath of the Court's November 13 Order, the parties have worked to move this case forward, jointly submitting the proposed initial case management schedule (Doc. No. 19) on November 18, 2024, and progressing into discovery. (Doc. No. 35-2). The analysis of the four *Schafer* factors below makes clear that dismissing Plaintiffs' claims with prejudice—the Motion's primary requested relief—would "'deprive[] a plaintiff of his day in court due to the inept actions of his counsel,'" a result that the Sixth Circuit "has expressed an extreme reluctance to uphold." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2001) (quoting *Patterson v. Grand Blanc Township*, 760 F.2d 686, 688 (6th Cir.1985)).

1. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591) (internal quotation marks omitted). Where (as here) the dismissal would be the result of an attorney's failure to comply with a court order, the Sixth Circuit has held that dismissal "should only be ordered where there is a clear record of delay or contumacious conduct." *Harmon*, 110 F.3d at 367 (quoting *Carter*, 636 F.2d at 161) (internal quotation marks omitted). "Absent this showing . . . the court is limited to lesser sanctions designed to achieve compliance." *Carter*, 636 F.2d at 161.

Here, there is no indication that Plaintiffs' counsel had either "an intent to thwart judicial proceedings," a "reckless disregard for the effect of [his] conduct on those proceedings," or "a clear record of delay or contumacious conduct." *Wu*, 420 F.3d at 643; *Harmon*, 110 F.3d at 367.

Although it is true that the conduct of Plaintiffs' counsel delayed the submission of the proposed initial case management order, this conduct does not rise to the level required for dismissal to be granted. After the Court, in its November 13 Order, took notice of the delay and made clear that sanctions could result without future compliance, Plaintiffs' counsel timely complied with the November 13 Order, filing (individually) the required notice (Doc. No. 18) and submitting (jointly with Defendant's counsel) the proposed initial case management order (Doc. No. 19). *Compare United States v. Reyes*, 307 F.3d 451, 457 (6th Cir. 2002) (finding that counsel's disregard of the district court's "graciousness" in notifying "him that he had missed a filing deadline" to be "contumacious"). Nor does length of delay involved here (less than two months) suggest bad faith, willfulness, or fault. *Compare Harmon*, 110 F.3d at 365-66, 368 (finding conduct to be "stubbornly disobedient and willfully contemptuous" after plaintiff failed to respond to discovery requests, did not comply with a court order, and filed no response to a motion to dismiss over the course of a year).

Accordingly, the first factor weighs against dismissal.

2. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (second alteration in original) (quoting *Harmon*, 110 F.3d at 368); *see also Schafer*, 529 F.3d at 739 (same). Defendant argues that it was prejudiced by being "unable to determine the factual merits of the case or propound discovery to Plaintiffs." (Doc. No. 16 at 3). It is perhaps more accurate to say that Defendant was prejudiced by being "required to waste" its "time, money, and effort" first in attempting to agree with Plaintiffs on a proposed initial case management order

and then in filing the Motion. *Carpenter*, 723 F.3d at 707. Even so, the efforts that Defendant expended in attempting to contact Plaintiffs' counsel were not so great. Based on Defendant's own filings, its efforts to contact Plaintiffs' counsel amounted to one phone call and one email. (Doc. No. 16 at 2). Nevertheless, Defendant was prejudiced by its counsel being forced to "pursu[e] cooperation via this Court and their own labors to" compel Plaintiffs' counsel to actively participate in preparing a proposed initial case management order. *See Hanna v. Marriott Hotel Servs., Inc.*, No. 3:18-CV-00325, 2021 WL 6205790, at *3 (M.D. Tenn. Dec. 31, 2021).

Thus, this factor weighs somewhat in favor of dismissal.

3. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). It is true that prior to the Motion being filed (namely, on November 1, 2024), the Court reminded the parties of "their obligation to file a joint proposed case management order" by November 11, 2024. (Doc. No. 15). However, the Court issued an explicit warning to Plaintiffs that failure to cooperate could lead to dismissal only in its November 13 Order—which as discussed, was entered only *after* the Motion had been filed (the day before). (Doc. No. 15; Doc. No. 16; Doc. No. 17 at 2). Moreover, after being warned of the prospect of dismissal, Plaintiffs' counsel timely complied with the November 13 Order and cooperated with Defendant in jointly submitting the proposed initial case management order (Doc. No. 19).

Thus, this factor weighs against dismissal.

4. <u>Appropriateness of Other Sanctions</u>

"The sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Schafer*, 529 F.3d at 738 (quoting *Wu*, 420 F.3d at 644). The Court should order dismissal "only in extreme situations" showing "'a clear record of delay or contumacious conduct by the plaintiff.'" *Carter*, 636 F.2d at 161 (quoting *Silas*, 586 F.2d at 385). "Absent this showing . . . the court is limited to lesser sanctions designed to achieve compliance." *Carter*, 636 F.2d at 161.

Here, as discussed above, there is no "clear record of delay or contumacious conduct." Accordingly, dismissal is inappropriate, and the Court is limited to imposing, at most, lesser sanctions "designed to achieve compliance." *Carter*, 636 F.2d at 161. Defendant's Motion urges the Court, in the alternative, to "award Defendant its costs and attorney's fees incurred in the bringing of this Motion before the Court," compliance with the Court's orders has already been achieved. (Doc. No. 16 at 3). Plaintiffs' counsel timely complied with the Court's November 13 Order and cooperated with Defendant in jointly submitting the proposed initial case management order (Doc. No. 19). Accordingly, the imposition of any lesser sanctions is not necessary to achieve "compliance" or to "protect the integrity of pre-trial procedures" and the Court will not impose them. *Carter*, 636 F.2d at 161.

<u>CONCLUSION</u>

For the reasons discussed above, Defendant's Motion (Doc. No. 16) is **DENIED.**

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE