| | |
|---|---|
| KELLIE HURT et al.,<br>        Plaintiffs,<br><br>v.<br><br>ALLSTATE INDEMNITY CO.,<br>        Defendant. | Case No. 3:24-cv-01067<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

## <u>MEMORANDUM ORDER</u>

The initial case management order for this case required disclosure of expert witnesses and production of expert reports on or before August 1, 2025, with expert witness depositions occurring on or before November 1, 2025. (Doc. No. 23 at 4.) On August 1, 2025, plaintiffs disclosed their engineering expert, Steve Prosser (Prosser), but advised defendant a few days later that Prosser's expert report would not be ready until about August 29, 2025. (Doc. No. 42-2 at 1.) Plaintiffs then produced Prosser's report on August 29, 2025. The delay in producing Prosser's report prompted the filing of three related motions: a motion and amended motion by plaintiffs for a retroactive extension of the deadline to produce expert witness reports (Doc. Nos. 42, 54); and a motion by defendant to strike the disclosure of Prosser as untimely and to exclude his expert testimony (Doc. No. 52). Since the filing of the three motions, plaintiffs deposed defendant's engineering expert on December 1, 2025. Defendant's expert had time to review Prosser's report and offered opinions about it. (Doc. No. 54 at 2.) Defendant deposed Prosser on February 27, 2026, though there appears to have been some concern about whether Prosser complied with instructions in the deposition notice to produce materials on which he relied when forming his opinions. (Doc. No. 62 at 1–2.)

The Court has broad discretion to manage pretrial discovery. *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citation omitted). Diligence in attempting to meet the requirements of a case management order can justify the modification of discovery deadlines. *AFS Logistics, LLC v. Cochran*, No. 3:16-3139, 2017 WL 11477303, at *1 (M.D. Tenn. July 12, 2017) (citations omitted). Failure to produce a complete expert report within established deadlines can lead to sanctions under Rule 37 unless the violation was harmless or is substantially justified. *See Matilla v. S. Kentucky Rural Elec. Co-op. Corp.*, 240 F. App'x 35, 42 (6th Cir. 2007) (unpublished opinion) (affirming expert exclusion where the expert offered a new opinion on preexisting facts five months after the expert discovery deadline). Here, plaintiffs were diligent in meeting their expert disclosure obligations, and the 28-day delay in producing the Prosser report was harmless. Plaintiffs should have sought Court permission for additional time in producing the Prosser report, but they communicated their efforts to defendant and followed through on the expected date of delivery. Defendant's expert was able to review the Prosser report in time for his own deposition, and defendant proceeded with Prosser's deposition in February. Both sides volunteered to proceed with expert depositions after the November 1, 2025 deadline. Under these circumstances, expert exclusion is not necessary.

By separate order, the Court will set a case management conference to address two issues. First, the Court will set any new case management deadlines that might be necessary. Second, the Court will hear from the parties about possible issues regarding how the Prosser deposition proceeded. (Doc. No. 62.) The Court will not address any possible issues from the Prosser deposition here.

For the foregoing reasons, plaintiffs' motions for a retroactive extension of the deadline to produce expert witness reports (Doc. Nos. 42, 54) are GRANTED.  Defendant's motion to strike expert disclosure and to exclude expert testimony (Doc. No. 52) is DENIED.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

3